Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Takeda Pharmaceutical Company Limited*

OF COUNSEL:
F. Dominic Cerrito
Angus Chen
Andrew Chalson
Elizabeth Murphy
Marta Godecki
Abigail DeMasi
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016

Jihong Lou
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C. 20004

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED,<br><br>*Plaintiff,*<br><br>v.<br><br>ANNORA PHARMA PRIVATE LIMITED,<br>*Defendant.* | Civil Action No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>(Filed Electronically) |

Plaintiff Takeda Pharmaceutical Company Limited ("Plaintiff" or "Takeda"), by its attorneys, for its complaint against Annora Pharma Private Limited ("Defendant" or "Annora") alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of United States Patent No. 12,527,771 (the "'771 patent") (the "Patent-in-Suit"), owned by Takeda, under the patent laws of the United

States, 35 U.S.C. §100, *et seq.* This action arises from Annora's submission of Abbreviated New Drug Application ("ANDA") No. 221113 ("Annora's ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell, and/or sell a generic version of LIVTENCITY® prior to the expiration of the Patent-in-Suit.

## THE PARTIES

2.      Takeda is a corporation organized and existing under the laws of Japan, having an office and place of business at 1-1, Doshomachi 4-chome, Chuo-ku, Osaka, Japan.

3.      On information and belief, Annora is a corporation organized and existing under the laws of India, having a principal place of business at Sy. No. 261, Plot Nos. 13 and 14, Gummadidala Mandal, Sangareddy Dist., Telangana State, 502313, India.

## THE PATENT-IN-SUIT

4.      On January 20, 2026, the United States Patent and Trademark Office duly and lawfully issued the '771 patent, entitled "Viral Inhibitors, The Synthesis Thereof, and Intermediates Thereto." A copy of the '771 patent is attached as Exhibit A.

## THE LIVTENCITY® DRUG PRODUCT

5.      LIVTENCITY® is a cytomegalovirus ("CMV") pUL97 kinase inhibitor indicated for the treatment of adults and pediatric patients (12 years of age and older and weighing at least 35 kg) with post-transplant CMV infection/disease that is refractory to treatment (with or without genotypic resistance) with ganciclovir, valganciclovir, cidofovir, or foscarnet.

6.      Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the Patent-in-Suit is listed in the FDA publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") with respect to LIVTENCITY®.

7.      The claims of the Patent-in-Suit cover, *inter alia*, compositions comprising maribavir and pharmaceutical compositions comprising maribavir.

**JURISDICTION AND VENUE**

8.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9.      On information and belief, Annora is in the business of, among other things, developing, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

10.     On information and belief, Annora prepares and submits ANDAs to the FDA, including Annora's ANDA.  The Orange Book identifies "ANNORA PHARMA PRIVATE LTD" as the holder of an ANDA for more than one hundred generic prescription products.  On information and belief, Annora is the ANDA holder for generic pharmaceutical products that Annora sells and/or distributes throughout the United States.

11.     On information and belief, Annora derives substantial revenue, directly or indirectly, from selling generic pharmaceutical products throughout the United States, including in this Judicial District.

12.     On information and belief, Annora will work towards the regulatory approval, manufacturing, use, importation, marketing, offer for sale, sale, and distribution of generic pharmaceutical products, including those described in Annora's ANDA, throughout the United States, including in New Jersey and in this Judicial District, prior to the expiration of the Patent-in-Suit.

13.     On information and belief, Annora intends to benefit directly if Annora's ANDA is approved, including by participating in the manufacture, importation, distribution, and/or sale of the generic drug product that is the subject of Annora's ANDA.

14. On information and belief, this Judicial District is a likely destination for the generic drug product described in Annora's ANDA.

15. This Court has personal jurisdiction over Annora because, *inter alia*, it: (1) has purposefully availed itself of the privilege of doing business in the State of New Jersey; and (2) maintains extensive and systematic contacts with the State of New Jersey, including through the marketing, distribution, and/or sale of generic pharmaceutical drugs in New Jersey (*see*, *e.g.*, *supra* ¶¶ 9-11).

16. In the alternative, this Court has personal jurisdiction over Annora because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met, as (a) Plaintiff's claims arise under federal law; (b) Annora is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Annora has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting an ANDA to the FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Annora satisfies due process.

17. This Court also has personal jurisdiction over Annora because, *inter alia*, it has committed an act of patent infringement under 35 U.S.C. § 271(e)(2), and on information and belief, Annora intends a future course of conduct that includes acts of patent infringement in New Jersey. These acts have led and will continue to lead to foreseeable harm and injury to Plaintiff in New Jersey and in this Judicial District.

18. On information and belief, Annora has previously invoked, stipulated, and/or consented to personal jurisdiction in this Judicial District in numerous prior patent cases.

19. Annora has previously been sued in this Judicial District, has availed itself of New Jersey courts (including this Court) through the assertion of counterclaims in suits brought

in New Jersey (including this Court), and has not challenged personal jurisdiction in New Jersey. *See, e.g.*, *Azurity Pharm., Inc. v. Annora Pharma Private Ltd.*, Civil Action No. 24-8809 (D.I. 12) (D.N.J. Feb. 3, 2025); *Azurity Pharm., Inc. v. Annora Pharma Private Ltd.*, Civil Action No. 23-18420 (D.I. 18) (D.N.J. Nov. 6, 2023); *Rigel Pharm., Inc. v. Annora Pharma Private Ltd., et al.*, Civil Action No. 22-4732 (D.I. 7) (D.N.J. Sept. 21, 2022); *Celgene Corp. v. Annora Pharma Private Ltd., et al.*, Civil Action No. 18-11220 (D.I. 11) (D.N.J. Sept. 10, 2018).

20.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and/or 1400(b).

## ACTS GIVING RISE TO THIS SUIT

21.    Pursuant to Section 505 of the Federal Food, Drug, and Cosmetics Act ("FD&C Act"), Annora submitted Annora's ANDA seeking approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of maribavir tablets, 200 mg ("Annora's ANDA Product") before expiration of the Patent-in-Suit.

22.    On information and belief, following FDA approval of Annora's ANDA, Annora, unless enjoined by this Court, will make, use, offer for sale, or sell Annora's ANDA Product throughout the United States, or import such generic product into the United States.

23.    On information and belief, in connection with the submission of Annora's ANDA as described above, Annora provided written certification to the FDA pursuant to Section 505 of the FD&C Act and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification").

24.    By letter dated June 26, 2026, Annora purported to provide notice pursuant to Section 505(j)(2)(B)(iv) of the FD&C Act and 21 C.F.R. § 314.95 to Takeda ("Annora's Notice Letter") that Annora had submitted Annora's ANDA to the FDA with a Paragraph IV Certification, seeking approval to commercially manufacture, use, sell, offer for sale, or import Annora's ANDA Product before expiration of the Patent-in-Suit.

25.   Annora's ANDA Product is intended to be a generic version of LIVTENCITY®.

## COUNT I
### Infringement of U.S. Patent No. 12,527,771

26.   Plaintiff repeats and realleges the preceding paragraphs above as if fully set forth herein.

27.   Annora's submission of ANDA No. 221113 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Annora's ANDA Product before the expiration of the '771 patent constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A).

28.   There is a justiciable controversy between the parties hereto as to infringement of the '771 patent.

29.   Unless enjoined by this Court, upon FDA approval of Annora's ANDA, Annora will infringe one or more claims of the '771 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Annora's ANDA Product in or for the United States.

30.   Unless enjoined by this Court, upon FDA approval of Annora's ANDA, Annora will induce infringement of one or more claims of the '771 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Annora's ANDA Product in or for the United States.  On information and belief, upon FDA approval of Annora's ANDA, Annora will intentionally encourage acts of direct infringement with knowledge of the '771 patent and knowledge that its acts are encouraging infringement.

31.   Unless enjoined by this Court, upon FDA approval of Annora's ANDA, Annora will contributorily infringe one or more claims of the '771 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Annora's ANDA Product in or for the United States.  On information and belief, Annora has had and continues to have knowledge that

Annora's ANDA Product is especially adapted for a use that infringes one or more claims of the '771 patent and that there is no substantial non-infringing use for Annora's ANDA Product.

32.    Annora has had knowledge of the '771 patent since at least the date of Annora's Paragraph IV Certification.

33.    Plaintiff will be substantially and irreparably harmed if Annora's infringement of the '771 patent is not enjoined.  Plaintiff does not have an adequate remedy at law.

34.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.    A Judgment that Annora has infringed one or more claims of the Patent-in-Suit by submitting ANDA No. 221113;

B.    A Judgment that Annora's making, using, selling, offering to sell, or importing Annora's ANDA Product will infringe one or more claims of the Patent-in-Suit;

C.    An Order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of FDA approval of ANDA No. 221113 be a date that is no earlier than the later of the expiration of the Patent-in-Suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

D.    Preliminary and permanent injunctions restraining and enjoining Annora and its officers, agents, attorneys, and employees, and those acting in privity and/or concert with it and/or them, from making, using, offering to sell, selling, or importing Annora's ANDA Product until after the expiration of the Patent-in-Suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

E.    A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Annora and its officers, agents, attorneys, and employees, and those acting in privity

and/or concert with it and/or them, from practicing any of the subject matter claimed in the Patent-in-Suit, or actively inducing or contributing to the infringement of any claim of the Patent-in-Suit, until after the expiration of the Patent-in-Suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

F.     A Judgment that the commercial manufacture, use, importation into the United States, offer for sale, and/or sale of Annora's ANDA Product will directly infringe, induce, and/or contribute to infringement of one or more claims of the Patent-in-Suit;

G.     To the extent that Annora committed any acts with respect to the subject matter claimed in the Patent-in-Suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Plaintiff damages for such acts;

H.     If Annora, its officers, agents, attorneys, and employees, and/or those acting in privity and/or concert with it and/or them, engages in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Annora's ANDA Product prior to the expiration of the Patent-in-Suit, a Judgment awarding damages to Plaintiff resulting from such infringement, together with interest;

I.     A Judgment declaring that the Patent-in-Suit remains valid;

J.     A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiff its attorneys' fees, costs, and expenses incurred in this action; and

K.     Any such other and further relief as this Court may deem just and proper.

Dated:  July 31, 2026

OF COUNSEL:
F. Dominic Cerrito
Angus Chen
Andrew Chalson
Elizabeth Murphy
Marta Godecki
Abigail DeMasi
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016

Jihong Lou
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C. 20004

By:  s/ Charles M. Lizza
    Charles M. Lizza
    Sarah A. Sullivan
    Alexander L. Callo
    SAUL EWING LLP
    One Riverfront Plaza, Suite 1520
    Newark, New Jersey 07102-5426
    (973) 286-6700
    clizza@saul.com

    *Attorneys for Plaintiff*
    *Takeda Pharmaceutical Company*
    *Limited*

- 9 -

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 & 40.1

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that the matters captioned *Takeda Pharmaceutical Company Limited v. Sun Pharmaceutical Industries Ltd.*, Civil Action 26-2051 (D.N.J.) (ES)(MAH) and *Takeda Pharmaceutical Company Limited v. Qilu Pharmaceutical (Hainan) Co., Ltd.*, Civil Action 26-1633 (D.N.J.) (ES)(MAH) are related to the matter in controversy because the matter in controversy involves the same plaintiff and because Annora is seeking FDA approval to market a generic version of the same pharmaceutical product.

I further certify that the matter captioned *Takeda Pharmaceutical Company Limited v. Sun Pharmaceutical Industries Ltd.*, Civil Action 26-4939 (D.N.J.) (ES)(MAH) and *Takeda Pharmaceutical Company Limited v. Qilu Pharmaceutical (Hainan) Co., Ltd.*, Civil Action 26-4121 (D.N.J.) (ES)(MAH) are related to the matter in controversy because the matter in controversy involves the same plaintiff, the same patent, and because Annora is seeking FDA approval to market a generic version of the same pharmaceutical product.

I further certify that the matter captioned *Takeda Pharmaceutical Company Limited v. Annora Pharma Private Limited*, Civil Action 26-1780 (D.N.J.) (ES)(MAH) is related to the matter in controversy because it involves the same parties and because Annora is seeking FDA approval to market a generic version of the same pharmaceutical product.

I further certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: July 31, 2026

OF COUNSEL:
F. Dominic Cerrito
Angus Chen
Andrew Chalson
Elizabeth Murphy
Marta Godecki
Abigail DeMasi
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016

Jihong Lou
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C. 20004

By: s/ Charles M. Lizza
　　 Charles M. Lizza
　　 Sarah A. Sullivan
　　 Alexander L. Callo
　　 SAUL EWING LLP
　　 One Riverfront Plaza, Suite 1520
　　 Newark, New Jersey 07102-5426
　　 (973) 286-6700
　　 clizza@saul.com

　　 *Attorneys for Plaintiff*
　　 *Takeda Pharmaceutical Company*
　　 *Limited*